IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JULIE LUTTRULL, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. 13-3222-CV-DPR <br> ) |
| CAROLYN W. COLVIN, Acting <br> Commissioner of Social Security, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

## MEMORANDUM AND ORDER

An Administrative Law Judge ("ALJ") denied Social Security Disability Insurance Benefits and Supplemental Security Income to Plaintiff Julie Luttrull in a decision dated May 10, 2012 (Tr. 11-22). The Appeals Council denied review. The ALJ's decision became the Commissioner of Social Security's final decision denying Social Security Disability benefits. *See* 20 C.F.R. § 404.981; 20 C.F.R. § 416.1481. For the reasons set forth below, the decision of the Commissioner of Social Security is **AFFIRMED**.

### LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however, requires a more exacting analysis, which also takes into account "whatever in the record fairly detracts

from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

The operative facts and argument are presented in the parties' briefs and will be duplicated here only to the extent necessary. Plaintiff argues that the ALJ's opinion is not supported by substantial evidence on the record as a whole because the ALJ improperly discounted the claimant's credibility and improperly evaluated and weighed the medical opinions in the record. The Court has thoroughly reviewed the claimant's medical records, opinion evidence, hearing testimony, and the ALJ's opinion, and finds no reversible error.

The ALJ conducted a proper credibility analysis. He specified that he found many of the claimant's subjective complaints not credible because their alleged severity was not supported by objective evidence, she had received only conservative treatment, her symptoms were well-controlled with medication, she had a poor work history, she had expressed a desire not to work, and her activities of daily living were inconsistent with her subjective complaints. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). In reviewing an appeal of the denial of Social

2

Security benefits, a court gives great deference to an ALJ's credibility finding so long as the ALJ "explicitly discredits a claimant's testimony and gives a good reason for doing so." *Buckner*, 646 F.3d at 558 (quoting *Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010)). An ALJ is not required to discuss each *Polaski* factor in his opinion. *See Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000). It is sufficient if the ALJ adequately explains the credibility finding, and the finding is supported by the record as a whole. *Id.*

The ALJ also properly weighed the medical opinions and gave good reasons for the weight he afforded them. *See Reed v. Barnhart*, 399 F.3d 917, 921 (8th Cir. 2005) (quoting 20 C.F.R. § 404.1527(d)(2)). The claimant argues that it was improper for the ALJ to give limited weight to the opinion of Robyn Yost, the claimant's treating physicians' assistant, and significant weight to the opinions of evaluating psychologists Dr. Anderson and Dr. Lutz, and the opinion of reviewing psychologist Dr. Sutton. On review of the record as a whole, the undersigned finds that the ALJ gave good reasons for the weight afforded to the opinions in the record. The ALJ explained that he gave limited weight to the opinion of Ms. Yost, who found the claimant markedly and extremely limited in most mental categories, because her opinion was inconsistent with other evidence in the record, including the treatment notes of the claimant's treating psychiatrist Dr. Bains. Moreover, it was proper for the ALJ to fully reject the opinion of Ms. Yost that "it is certain that the patient can never hold a job." The ultimate determination of disability is a question reserved to the commissioner. *See Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010) ("[O]pinions that a claimant is 'disabled' or 'unable to work' concern issues reserved to the Commissioner and are not the type of opinions which receive controlling weight."). The ALJ also explained that he gave significant weight to the opinions of Drs. Anderson, Lutz, and Sutton, which were more consistent with each other, and more consistent with the record overall. Because the ALJ explained the reasons for the weight given to the

opinions in the record, there is no reversible error.  The ALJ thoroughly discussed the opinions and the other evidence in the record.  As such, he did all he was required to do in evaluating the opinions submitted. *See Reed*, 399 F.3d at 921.

Therefore, despite the existence of some evidence in the record that might support the opposite conclusion, the Court finds that the record as a whole reflects substantial evidence to support the ALJ's decision.  Taken together, the ALJ's determinations fall within the acceptable "zone of choice" of the finder of fact, to which the Court gives great deference.  Accordingly, the Court will not disturb the ALJ's denial of benefits.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED:  July 14, 2014**

       /s/ *David P. Rush*
       **DAVID P. RUSH**
       **United States Magistrate Judge**